MMG Invs. III, LLC v Elite Decor, Inc.

2026 NY Slip Op 02979

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MMG Investments III, LLC, plaintiff-appellant,

v

Elite Decor, Inc., et al., defendants/counterclaim plaintiffs-respondents; CL45 MW Loan 1, LLC, counterclaim defendant-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-06400, (Index No. 35806/21)

Betsy Barros, J.P.

Angela G. Iannacci

Helen Voutsinas

Susan Quirk, JJ.

Drake Loeb PLLC, New Windsor, NY (Alana R. Bartley of counsel), for plaintiff-appellant and counterclaim defendant-appellant.

Bochner PLLC, New York, NY (Jeremy M. Doberman and Isaac M. Diskind of counsel), for defendants/counterclaim plaintiffs-respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover on a promissory note, MMG Investments III, LLC, and CL45 MW Loan 1, LLC, appeal from an order of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated April 25, 2023. The order, insofar as appealed from, denied those branches of the motion of CL45 MW Loan 1, LLC, which were for summary judgment on the complaint and pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims.

ORDERED that the order is affirmed, with costs.

On March 12, 2018, Santander Bank (hereinafter Santander) and the defendant Elite Decor, Inc. (hereinafter Elite), executed a promissory note and related loan documents, which the defendant Chaim B. Weiss guaranteed. On April 23, 2019, Santander declared Elite in default of the promissory note on the ground that Elite had breached the note's "deposit relationship" provision, which required Elite to maintain its primary depository bank account with Santander throughout the term of the loan. Santander demanded that Elite make heightened payments thereafter, which Elite eventually failed to do. Santander assigned its rights under the promissory note to CL45 MW Loan 1, LLC (hereinafter CL45), which, in turn, later assigned its rights to MMG Investments III, LLC (hereinafter MMG).

On August 17, 2021, CL45 declared Elite in default of its payment obligations under the promissory note. On October 13, 2021, CL45 commenced this action against the defendants, inter alia, to recover on the promissory note. The defendants asserted counterclaims against CL45. Thereafter, CL45 moved, among other things, for summary judgment on the complaint and pursuant to CPLR 3211(a) to dismiss the counterclaims. While the motion was pending, MMG was substituted in place of CL45 as the plaintiff but not as the counterclaim defendant. In an order dated April 25, 2023, the Supreme Court, inter alia, denied those branches of the motion. MMG and CL45 appeal.

The Supreme Court properly denied that branch of the motion which was for [*2]summary judgment on the complaint. "'Once the plaintiff submits evidence establishing its prima facie case' on a cause of action to recover on either a note or a guaranty, 'the burden then shifts to the defendants to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense'" (Kwok Ching Cheung v Sunrise Plaza, LLC, 237 AD3d 799, 801, quoting Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 707). Here, the parties do not dispute that the moving submissions established prima facie entitlement to judgment as a matter of law on the complaint. In opposition, however, the defendants raised triable issues of fact as to whether Santander's imposition of heightened payments for the defendants' breach of the deposit relationship provision was improper and whether the defendants' subsequent default for nonpayment resulted from those heightened payments. Although Santander assigned the promissory note to CL45 and CL45 assigned it to MMG, the note remained "subject to any defense, legal and equitable, that existed between the original parties" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 64; see Everhome Mtge. Co. v Aber, 195 AD3d 682, 687; TPZ Corp. v Dabbs, 25 AD3d 787, 789). The defendants' submissions raised triable issues as to whether Santander was equitably estopped from declaring them in default for breaching the deposit relationship provision (cf. Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d 707, 709-710), whether Santander violated the terms of the promissory note by failing to provide the defendants with the opportunity to cure that default (see Artcorp. Inc. v Citirich Realty Corp., 168 AD3d 515, 516; Empire State Bldg. Assoc. v Trump Empire State Partners, 245 AD2d 225, 229), and whether Santander contributed to the defendants' breach of the deposit relationship provision by breaching a separate agreement which was inextricably intertwined with the promissory note (cf. Margarella v Ullian, 164 AD3d 898, 899; Chervinsky v Rezhets, 132 AD3d 713, 714).

"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). Further, on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villucci, 212 AD3d 765, 766 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Katz v DePaola, 211 AD3d 1020, 1021 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the submissions in support of the motion failed to conclusively establish that Santander did not improperly declare a deposit relationship default or that CL45 was not liable for Santander's actions.

The parties' remaining contentions are either without merit or not properly before this Court.

BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court